UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62915-GAYLES

**EXETER FINANCE CORP.,**
         **Plaintiff,**

    v.

**MICHAEL'S AUTO SALES CORP.
and MICHAEL NUNEZ,**
         **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Michael Nunez's Motion to Dismiss Complaint [ECF No. 18]. To date, the Plaintiff has not responded to Nunez's motion. The Court has considered the Complaint, the record in this case, Nunez's brief, and the applicable law and is otherwise fully advised in the premises.

**I.    BACKGROUND**

According to the allegations in the Complaint, Plaintiff Exeter Finance Corp. ("Exeter") is in the business of buying automobile retail installment sales contracts and security agreements from automobile dealerships. Compl. ¶ 6. Nunez is the president of Defendant Michael's Auto Sales Corp. ("Michael's Auto"), an automobile dealership. Id. ¶¶ 7-8.[1] In 2012, Exeter and Michael's Auto, through Nunez, entered into an agreement titled "Non-Recourse Dealer Agreement" (the "Agreement"), regarding Exeter's purchase of retail installment sales contracts for automobiles sold by Michael's Auto. Id. ¶ 10. Pursuant to that Agreement, Michael's Auto may submit proposals to sell or assign certain retail installment sales contracts to Exeter, which includes a contract that describes the vehicle that is the subject of the contract, its condition, and the included equipment

---

[1] Michael's Auto answered the Complaint on February 3, 2017 [ECF No. 19].

options. *Id.* ¶ 11. Michael's Auto, through Nunez, entered into forty-seven separate retail installment sales contracts and assigned them to Exeter (the "First Contracts"). *Id.* ¶ 12. Exeter alleges that Michael's Auto and Nunez misrepresented to Exeter the condition of the respective vehicles subject to the First Contracts and/or misrepresented the equipment options, thereby soliciting Exeter to purchase the First Contracts through these misrepresentations. *Id.* ¶ 14. Exeter later learned of these misrepresentations through post-repossession auction inspections of the vehicles. *Id.* ¶ 17. Because these misrepresentations violated the Agreement, Exeter made a demand in relation to the First Contracts, and in December 2015, Exeter and Michael's Auto entered into a pre-suit Settlement Agreement related to Exeter's claims arising under the First Contracts, for a total of $98,800. *Id.* ¶ 23. Pursuant to that Settlement Agreement, Michael's Auto paid $14,000 at the time of execution, and agreed to make twenty-one consecutive monthly installments of $4,000 to Exeter (beginning on February 15, 2016), with a final payment of $800 during the twenty-second month. *Id.* ¶ 24. Michael's Auto defaulted on the Settlement Agreement by failing to make the periodic payment on August 15, 2016, and all payments thereafter. *Id.* ¶ 25. To date, Exeter has received only $38,000 toward the $98,000 settlement total. *Id.* ¶ 26.

Exeter later discovered additional misrepresentations made by Michael's Auto and Nunez after the default by Michael's Auto, related to violations of the original Agreement associated with twenty-eight other vehicles. *Id.* ¶¶ 27-28. Exeter then filed a Complaint in this Court on December 12, 2016. It brings three causes of action against Michael's Auto: breach of settlement agreement (Count I), breach of Dealer Agreement (Count II), and fraud in the inducement (Count III). And it brings two causes of action against Nunez individually: fraud in the inducement (Count IV) and fraudulent suppression and omissions (Count V).

Nunez filed the instant motion to dismiss Counts IV and V on February 1, 2017 [ECF No. 18]. Exeter's response was originally due to be filed by February 15, 2017. On that date, Exeter

filed an Agreed Motion for Enlargement of Time to Respond to Defendant Michael Nunez's Motion to Dismiss Complaint [ECF No. 21], requesting an extension of time to respond until February 20, 2017. On February 22nd, the Court granted the motion and provided Exeter until February 24th to file its opposition [ECF No. 23]. To date, no response has been filed and no further extension of time has been sought. Under Southern District of Florida Local Rule 7.1(c), this could be sufficient cause to grant the motion by default. *See Young Apts., Inc. v. Town of Jupiter*, 503 F. App'x 711, 726 (11th Cir. 2013) (per curiam); *Arrington v. Hausman*, No. 15-62326, 2016 WL 782416, at *1-2 (S.D. Fla. Feb. 17, 2016). Nevertheless, the Court considers the merits of Nunez's motion.

## II. DISCUSSION

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

"The standards of *Twombly* and *Iqbal*, however, are not the only measuring sticks for the present complaint." *Miccosukee Tribe of Indians v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015).

Because both claims against Nunez sound in fraud, the heightened pleading standards of Fed. R. Civ. P. 9(b) apply. *Id.* "To satisfy the Rule 9(b) standard, [a plaintiff] must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff[]; and (4) what the Defendant[] gained by the alleged fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

Exeter's Complaint wholly fails to satisfy this standard. It states only that Nunez and Michael's Auto made misrepresentations generally regarding forty-seven vehicles, and then later made misrepresentations regarding twenty-eight other vehicles. It does not state the precise misrepresentations made; when and where Nunez made those misrepresentations (assuming Nunez is responsible for each misrepresentation); how Nunez's misrepresentations misled Exeter; and what Nunez gained. Because of this failure, the claims against Nunez must fail. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Michael Nunez's Motion to Dismiss [ECF No. 18] is **GRANTED**. Counts IV and V of the Complaint [ECF No. 1] are **DISMISSED WITHOUT PREJUDICE**. If the Plaintiff wishes to file an Amended Complaint, it must do so no later than **March 29, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE